AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.    **ORDER OF DETENTION PENDING TRIAL**

MATTHEW A. TUBBS    Case Number: 06-20041-01-KHV-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: March 20, 2006    s/ David J. Waxse
*Signature of Judicial Officer*

DAVID J. WAXSE, U.S. MAGISTRATE JUDGE

*Name and Title of Judicial Officer*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Matthew A. Tubbs
Criminal Action 06-20041-01-KHV-DJW

## Part II - Written Statement of Reasons for Detention

There are a series of factors I have to look at to determine whether or not there are conditions of release that can be set that will assure your appearance and the safety of the community.

The first is the nature and circumstances of the offense charged, including whether it's a crime of violence or an offense that has a maximum term of ten years. The statutes have been construed that this is a crime of violence and it does have a maximum of ten years, so that is a negative factor to your release.

The next is the weight of the evidence. There is a Grand Jury Indictment, which is a probable cause finding, so that is considered a negative.

Next is your character, which includes physical and mental condition, and family ties. Family ties appear to be positive; however, your physical and mental condition, as the Pretrial Services Report indicates, raise all kinds of questions about your ability to function on your own, so that would be a negative.

Your length of residence in the community is a positive.

Your community ties are positive.

Your past conduct, which includes history relating to drug or alcohol abuse, is clearly a negative based on your statements about prior drug use.

Your criminal history is not severe, but it is extensive.

Your record concerning appearance at court proceedings is not good because there are several bench warrants issued, so those would be negative.

Finally is whether at the time of the current offense or arrest you were on probation, parole, or other release. That is your biggest problem because you are first stopped in early June and

released, and then you are stopped in later June and released, and then you are stopped in July. There are allegations that on three separate occasions you had contact with law enforcement yet the first contact wasn't enough to make you change your behavior to avoid the second contact. Without a determination of whether you're guilty or innocent, obviously you weren't paying attention to what you were doing or you wouldn't put yourself in those situations.

Considering all these factors together, I don't think there are conditions that can adequately secure your appearance or the protection of the community, so you're going to remain detained.