# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 06-20041-01-KHV |
| MATTHEW A. TUBBS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On October 1, 2018, the Court held a hearing on defendant's Motion To Terminate Defendant's Term Of Supervised Release (Doc. #93) filed August 21, 2018.

The Court may terminate a term of supervised release and discharge defendant at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); see also Fed. R. Crim. P. 32.1(c)(1) (hearing required to terminate supervised release unless government does not object). The government asserts that in the plea agreement, defendant waived his right to file any motion to challenge his sentence including the term of supervised release. See Government's Response In Opposition Of Motion To Terminate Defendant's Term Of Supervised Release And Motion To Enforce Plea Agreement (Doc. #98) filed September 10, 2018, at 8-15. Even so, at the hearing, government counsel conceded that because defendant has already served one year on supervised release and the Court has held a hearing on the issue, the Court has authority to terminate defendant's term of supervised release even absent a motion to do so. Accordingly, the Court construes defendant's Motion To Terminate Defendant's Term Of Supervised Release (Doc. #93) as a notice of

defendant's potential eligibility for early termination of supervised release.[1] On its own motion, the Court considers the applicable factors set forth in 18 U.S.C. § 3553(a) and the position of the United States Attorney. For substantially the reasons stated at the hearing and those reasons stated in defendant's briefing, the Court finds that pursuant to 18 U.S.C. § 3583(e)(1), defendant's term of supervised release should be terminated.

**IT IS THEREFORE ORDERED that the remaining term of defendant's supervised release is terminated. Defendant is discharged.**

**IT IS FURTHER ORDERED** that the government's motion to enforce plea agreement (Doc. #98) filed September 10, 2018 is **OVERRULED as moot**.

Dated this 3rd day of October, 2018 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[1] In future cases in which defendant seeks early termination of supervised release, defendant shall file a notice of potential eligibility for early termination and attach documentation which reflects the Probation Office's position on the issue. The notice shall include the factual basis on which the Court could order early termination. On receipt of such notice, unless the notice states that the government agrees with early termination, the Court will direct the government to respond and, if appropriate, schedule a hearing to address the issue.